UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ARJUN BAKSHI,<br><br>       Plaintiff,<br><br>    v.<br><br>GINA RAIMONDO, SECRETARY, U.S. DEPARTMENT OF COMMERCE, HOVAN ASDOURIAN, and DOES 1–10, inclusive,<br><br>       Defendants. | Case No.: SACV 22-02170-CJC (DFMx)<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS PLAINTIFF'S COMPLAINT [Dkt. 26]** |

**I.  INTRODUCTION**

This case arises out of *pro se* Plaintiff Arjun Bakshi's former employment with the United States Department of Commerce.  (Dkt. 1 [Complaint, hereinafter "Compl."].)  Plaintiff asserts claims for wrongful termination, hostile work environment, and whistleblower protection violation against Defendants Gina Raimondo, the Secretary of Commerce, and Hovan Asdourian, Plaintiff's supervisor.  Before the Court is

Defendants' unopposed motion to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. 26.) For the following reasons, Defendants' unopposed motion is **GRANTED**.[1]

## II. BACKGROUND

Plaintiff was an International Trade Specialist with the United States Commercial Service, Internal Trade Administration. (Compl. ¶ 10.) In his Complaint, he describes five events that he alleges were "policy violations" and "abuse[s] of power." (*Id.* ¶¶ 13–16, 20–23.) First, on January 7, 2021, Asdourian held a Microsoft Teams videoconference in which "there were profound and discriminative comments made about [Plaintiff's] race, religion, and age." (*Id.* ¶ 12.)

Second, on June 2, 2021, Asdourian asked Plaintiff to send Asdourian, on Plaintiff's "personal time and expense," large quantities of KN95 masks and diabetic socks, which to Plaintiff "appeared to be more than for commercial purposes than personal use." (*Id.* ¶ 13.) Asdourian twice asked Plaintiff for the tracking number for the package. (*Id.* ¶ 21.)

Third, on June 23, 2021, Asdourian had Plaintiff meet with Asdourian's son in Los Angeles "to help secure an import/export deal" by giving the "son $700,000 credit from [Plaintiff's] contact for 200,000 boxes of masks," even though this was not related to Plaintiff's job duties. (*Id.* ¶ 14.) Plaintiff alleges that Asdourian "risked Plaintiff's life and [his] family's life by forcing [him] to meet" Asdourian's son because "this was done during the Covid 19 Pandemic" when "employees were told strictly not to conduct any

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for October 16, 2023, at 1:30 p.m. is hereby vacated and off calendar.

work-related meetings." (*Id.* ¶ 16.)  He also alleges that he wrote to Asdourian's son, "I do not have the time nor am I allowed to do this," after which Asdourian "planned [Plaintiff's] termination."  (*Id.* ¶ 22.)

Fourth, on August 11, 2021, Asdourian asked Plaintiff for more masks and socks.  (*Id.* ¶ 15.)

Fifth, at the end of the fiscal year, Asdourian "deliberately did not sign [Plaintiff's] performance review" because Plaintiff "would have met all of the performance metrics and because there were no complaints about his performance."  (*Id.* ¶ 17.)  Plaintiff contacted Human Resources twice, including a month before he was terminated, but no one got back to him.  (*Id.* ¶ 18.)  Plaintiff alleges this was a "whistleblower violation."  (*Id.*)

On September 24, 2021, Asdourian issued Plaintiff a notice removing him from federal service during his probationary period.  (*Id.* ¶ 20.)  Plaintiff alleges he was terminated for "refus[ing] to be a part of the Asdourian family business."  (*Id.* ¶ 22.)

### III. ANALYSIS

Defendants argue Plaintiff's claims should be dismissed for lack of jurisdiction because Plaintiff fails to allege that he exhausted his administrative remedies.  The Court agrees.  "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  They are presumed to lack jurisdiction over a case "unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  In deciding a Rule 12(b)(1) motion challenging subject matter jurisdiction, the burden of proof is on the

party asserting jurisdiction, and courts presume a lack of jurisdiction until the pleader proves otherwise.  *See Kokkonen*, 511 U.S. at 377.

"Before a federal civil servant can sue his employer in court for discriminating against him in violation of Title VII, he must first exhaust his administrative remedies." *Green v. Brennan*, 578 U.S. 547, 552 (2016); *see EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994).  To exhaust administrative remedies, a plaintiff must file a timely charge with the Equal Employment Opportunity Commission and receive a right-to-sue notice.  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002); *Scott v. Gino Morena Enterprises, LLC*, 888 F.3d 1101, 1104 (9th Cir. 2018); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("Plaintiff must file a discrimination charge with the Equal Employment Opportunity Commission and receive a right-to-sue letter from the Commission.").  This requirement gives the charged party notice of the claim, allows the agency an opportunity to investigate the charge, and narrows the issues for prompt adjudication and decision.  *B.K.B.*, 276 F.3d at 1099.  Failure to comply with EEOC regulations regarding the claim exhaustion process can be fatal to a claim.  *See Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002); *Karim-Panahi*, 839 F.2d at 626 ("Failure to observe these requirements renders a suit subject to dismissal in the absence of any equitable consideration to the contrary.").

Plaintiff does not allege that he exhausted his administrative remedies.  He alleges that he "has filed a case for investigation with the Office of Inspector General (OIG)," and that the OIG "has agreed to investigate the case based on wrongful termination, civil extortion, whistle blower violations which [Plaintiff] has submitted documented evidence for the policy violation(s)."  (Compl. ¶ 10.)  But this does not show that Plaintiff filed a timely charge with the EEOC or received a right-to-sue notice, as required.  *See B.K.B.*, 276 F.3d at 1099; *Karim-Panahi*, 839 F.2d at 626.  And Plaintiff did not file any opposition to Defendants' motion to dismiss, so the Court has no information regarding

whether he exhausted administrative remedies other than what appears in the Complaint. Plaintiff's failure to file an opposition is also grounds to grant Defendants' motion under Central District Local Rule 7-12, which provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." *See also* C.D. Cal. L.R. 7-9 (requiring a party to file papers opposing a motion no later than 21 days before the noticed hearing, meaning Plaintiff's opposition to this motion, noticed for hearing on October 23, 2023, was due by October 2, 2023).

Because it does not appear that the Court has subject matter jurisdiction, the case must be dismissed. However, the Court will grant Plaintiff leave to amend to add allegations that he exhausted his administrative remedies.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' motion is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.** If Plaintiff wishes to file an amended complaint, he must do so by **October 25, 2023**. Failure to file an amended complaint by that date will result in dismissal of Plaintiff's Complaint with prejudice.

DATED: October 5, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE