1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| **ARJUN BAKSHI,** | ) Case No.: SACV 22-02170-CJC (DFMx) |
| | ) |
| **Plaintiff,** | ) **ORDER DENYING PLAINTIFF'S** |
| | ) **SECOND PETITION FOR** |
| **v.** | ) **APPOINTMENT OF COUNSEL** |
| | ) **[Dkt. 31]** |
| | ) |
| **GINA RAIMONDO, SECRETARY U.S.** | ) |
| **DEPARTMENT OF COMMERCE, and** | ) |
| **DOES 1–10,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

In this case, Plaintiff Arjun Bakshi alleges claims under Title VII of the Civil Rights Act of 1964 for wrongful termination, hostile work environment, and whistleblower protection violations against Defendant Gina Raimondo, the Secretary of the United States Department of Commerce, and unnamed Does. (Dkt. 34 [Amended Complaint].) Plaintiff petitioned the Court to appoint him counsel when he filed his original complaint in December 2022, but the Court denied that petition because it concluded that "Plaintiff's argument that his case is likely to succeed on the merits is not

persuasive" and Plaintiff had not "established that he is unable to articulate his claims in light of the complexities involved." (Dkt. 9.)  Now before the Court is Plaintiff's second petition for appointment of counsel, which he filed concurrently with his First Amended Complaint.  (Dkt. 31.)

"The appointment of counsel in a civil case is . . . a privilege and not a right." *See Garden v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965).  The Court "may *request* an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  But importantly, section 1915 does not authorize federal courts to force an attorney to represent someone without compensation.  *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *United States v. 30.64 Acres of Land, More or Less*, 795 F.2d 796, 801 (9th Cir. 1986).  Nor does it authorize expending public funds to pay appointed counsel.  *See 30.64 Acres of Land*, 795 F.2d at 801; *see also United States v. MacCollom*, 426 U.S. 317, 321 (1976) ("[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.").  All it does is permit the Court to request an attorney to represent an indigent litigant on a voluntary basis.  And a lawyer's willingness to represent a plaintiff in a case like this is a very rare event.

The decision whether to request counsel to represent a litigant under section 1915 "is within the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted).  Finding exceptional circumstances requires evaluating the plaintiff's (1) likelihood of success on the merits and (2) ability to articulate his claims in light of the complexity of the legal issues involved.  *Id.*  "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citation omitted).

No circumstances have changed since the Court denied Plaintiff's first request for appointment of counsel.  And requesting an attorney to represent Plaintiff on a voluntary basis—all Section 1915 allows the Court to do—remains unwarranted at this time. Plaintiff presents no further indication that his claims are likely to succeed, and his ability to adequately articulate his claims, which are not unusually complex, weighs heavily against making a request under Section 1915 at this early stage.  *See, e.g.*, *Zamaro v. Moonga*, 656 F. App'x 297, 299 (9th Cir. 2016) (affirming denial of request for counsel "in light of the legal competence of most prisoners in similar situations, and that [the plaintiff] was able to articulate his claims adequately"); *Jenkins v. Perry*, 592 F. App'x 597, 598 (9th Cir. 2015) (affirming denial of motion to appoint counsel because "[e]ven if Jenkins was assumed to have a likelihood of success on the merits he still could not demonstrate exceptional circumstances because he was able to articulate his claims in light of the minimal complexity of the legal issues involved"); *Saffar v. Jenkins*, 2023 WL 4681633, at *1 (C.D. Cal. June 22, 2023) ("Based on the pleadings and other filings to date, the Court believes that Plaintiff can articulate his claims adequately on his own. Neither the facts nor the legal issues involved are unusually complex. This is a straight-forward civil rights case and does not justify the granting of Plaintiff's Request for counsel.").

Plaintiff's argument that "without the assistance of counsel, [he] is more than likely to face procedural technicalities that will cause inefficiency to both the Plaintiff and the Defendant as well as this Court in the ultimate adjudication of the claims pertaining to the instant matter" is also unpersuasive.  (Dkt. 31 ¶ 6.)  Factors such as indigency and being untrained in the law are common difficulties that many litigants have in proceeding pro se, and "although the Court is sympathetic to these circumstances, they are not exceptional factors."  *Cordero*, 2023 WL 5183049, at *2.

Should Plaintiff's case survive summary judgment, the Court may reconsider its decision regarding asking an attorney to represent him.  *See, e.g.*, *id.*; *Ferguson v. Hittle*, 2023 WL 6120608, at *1 (S.D. Cal. Sept. 18, 2023) ("Because Plaintiff is capable of legibly articulating the facts and circumstances relevant to his claims, which are not exceptionally legally complex, and has yet to show he is likely to succeed on the merits of his claims, the motion for appointment of counsel is DENIED without prejudice."). But at this time, Plaintiff's second request for appointment of counsel is **DENIED**.  Any further request that the Court ask an attorney to represent Plaintiff before that stage is unlikely to be granted.

DATED:     November 29, 2023

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE