E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
PAUL B. LA SCALA (Cal. Bar No. 186939)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone:  (213) 894-2467
    Facsimile:   (213) 894-7819
    E-mail:  paul.lascala@usdoj.gov

Attorneys for Defendant Gina Raimondo,
Secretary, Department of Commerce

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ARJUN BAKSHI,<br><br>       Plaintiff,<br><br>       v.<br><br>GINA RAIMONDO, et al.,<br><br>       Defendants. | Case No. 8:22-cv-02170-CJC-DFM<br><br>**DEFENDANT GINA RAIMONDO'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12 (b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Request for Judicial Notice and [Proposed] Order]<br><br>Hearing Date:  February 26, 2024<br>Hearing Time:  1:30 p.m.<br>Ctrm:  9B<br><br>Honorable Cormac J. Carney<br>United States District Judge |

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that, on February 26, 2024 at 1:30 p.m., as soon thereafter as they may be heard, defendant Gina Raimondo, Secretary, Department of Commerce (the "Secretary") will, and hereby does, move this Court for an order dismissing pro se plaintiff Arjun Bakshi's ("Plaintiff") Second Amended Complaint ("SAC"). This motion will be made before the Honorable Cormac J. Carney, United States District Judge, in Courtroom 9B, 9th Floor, located within the Ronald Reagan Federal Building and Courthouse, 411 West Fourth Street, Santa Ana, CA 92701.

The Secretary brings the motion under Fed. R. Civ. P. 12(b)(1) because Plaintiff's has alleged claims subject to preemption and has failed to exhaust administrative remedies and under Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a claim upon which relief can be granted.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, the Request for Judicial Notice filed concurrently herewith, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference between undersigned counsel and Plaintiff pursuant to Local Rule 7-3 which was held on January 8, 2024.

Dated: January 24, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

*/s/ Paul B. La Scala*
PAUL B. LA SCALA
Assistant United States Attorney

Attorneys for Defendant Gina Raimondo,
Secretary, Department of Commerce

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff, a former probationary employee at the Department of Commerce, asserts claims of wrongful termination, hostile work environment, and whistleblower protection violation against the Secretary. Aside from conclusory allegations of discrimination and retaliation, Plaintiff alleges he was terminated because he refused to stay involved in the family business of his supervisor, Hovan Asdourian. Plaintiff's wrongful termination and whistleblower protection violation claims are preempted under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Civil Service Reform Act ("CSRA"). Plaintiff's hostile work environment claim fails because his allegations do not arise to a hostile work environment under controlling precedent. As this is Plaintiff's third attempt to plead a case, the Secretary respectfully requests that the Court dismiss the SAC with prejudice and without leave to amend.

## II. BACKGROUND

Beginning on April 12, 2021, Plaintiff was employed as an International Trade Specialist by the International Trade Administration of the Department of Commerce on a probationary basis. *See* Dkt. 38, SAC ¶ 8. Asdourian was Plaintiff's supervisor. *Id*.

Plaintiff alleges that, in June 2021, Asdourian asked Plaintiff to send to him "large quantities of products, such as KN95 masks and diabetic socks" at Plaintiff's "personal time and expense," which was a "direct violation of agency policy and rules." *Id*. ¶ 15. Plaintiff also alleges that he was forced to meet Asdourian's son "in order to help secure the masks and socks" outside of Plaintiff's job duties, "a direct violation of agency policy and rules." *Id*. ¶ 16. Plaintiff complied "out of fear of pleasing" Asdourian. *Id*. Plaintiff alleges that after "refus[ing] Asdourian's son's [further] request," Plaintiff was terminated on September 24, 2021. *Id*. ¶¶ 10, 18, 19.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). *Id*. ¶ 21, Ex. F. He alleged that he was "subjected to acts of discrimination and harassment constituting a hostile work environment" based on his age, race/national

origin, color, and religion. Request for Judicial Notice ("RJN"), Ex. A at 2. An EEOC administrative judge issued a decision in favor of the agency, and the agency adopted that decision. *Id*.

On December 1, 2022, Plaintiff filed his Complaint, which included three claims: (1) wrongful termination under California common law for violation of public policy due to Plaintiff's purported opposing of unlawful conduct; (2) hostile work environment under Title VII, alleging harassment on the basis of race, color, religion, and retaliation; and (3) whistleblower retaliation under Cal. Lab. Code § 1102.5. Dkt. 1 at 6-12. On September 14, 2023, the Secretary moved to dismiss the Complaint on several grounds, including Plaintiff's failure to exhaust his administrative remedies as to the wrongful termination and whistleblower violation claims and failure to state a hostile work environment claim. *See generally* Dkt. 26. Plaintiff did not file an opposition. *See* Dkt. 28 at 1-2. The Court granted the Secretary's motion and dismissed the Complaint without prejudice. *Id*. at 5.

On November 21, 2023, Plaintiff filed an amended complaint. Dkt. 34. Plaintiff and counsel for the Secretary held a Local Rule 7-3 conference on November 28, 2023 in connection with the Secretary's anticipated motion to dismiss the amended complaint due to Plaintiff's failure to exhaust his administrative remedies and to state a claim. Dkt. 36 at 2-3. The parties stipulated to the filing of the SAC on December 12, 2023 so that Plaintiff could attempt to address the Secretary's concerns and seek counsel, and the Court granted the stipulation on December 13, 2023. Dkt. 36, 37. Plaintiff filed the SAC on January 2, 2024. Dkt. 37. Because Plaintiff has not cured the identified defects, the Secretary moves to dismiss the SAC with prejudice and without leave to amend.

### III. LEGAL STANDARD

#### A. Federal Rule of Civil Procedure 12(b)(1)

On a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction bears the burden of proof that jurisdiction exists. *Sopak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

A motion under Rule 12(b)(1) may challenge the court's jurisdiction facially, based on the legal sufficiency of the claim, or factually, based on the legal sufficiency of the jurisdictional facts. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). When considering a facial challenge to the court's jurisdiction, the court considers the complaint's allegations to be true, and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (citation omitted). "With a factual Rule 12(b)(1) attack, . . . a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment," and "need not presume the truthfulness of the plaintiffs' allegations." *White*, 227 F.3d at 1242.

### B. Federal Rule of Civil Procedure 12(b)(6)

Fed. R. Civ. P. 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 555. Labels and conclusions are insufficient to meet the plaintiff's obligation to provide the grounds of his or her entitlement to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* On a motion to dismiss for failure to state a claim, courts accept as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031–32 (9th Cir. 2008). The court may only consider the allegations contained in the pleadings, exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## IV. ARGUMENT

### A. Plaintiff's Wrongful Termination and Whistleblower Protection Violation Claims Are Preempted.

Plaintiff's wrongful termination and whistleblower protection violation claims are based on underlying facts that are not within the purview of Title VII. In his wrongful termination claim, Plaintiff cites to California state common law, arguing that he was terminated because of "his refusal to be apart [sic] of his bosses' personal business" and "to follow directions that go against the agency standard of personal business matters benefitting from government employment." SAC ¶ 28. In his whistleblower protection violation claim, Plaintiff cites to Cal. Lab. Code § 1102.5 based on the same allegations. *See id*. ¶ 54.

Section 717 of Title VII, 42 U.S.C. § 2000e-16, prohibits "discrimination based on race, color, religion, sex, or national origin" in federal employment. It provides the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829 (1976); *see also White v. Gen. Servs. Admin.*, 652 F.2d 913, 916 (9th Cir. 1981) (applying *Brown*); *see also Winns v. DeJoy*, 2022 WL 673600, at *8 (N.D. Cal. Mar. 7, 2022) (dismissing claims under California state law, including claim under Cal. Lab. Code § 1102.5, as Title VII is the exclusive remedy for alleged acts of discrimination).

The Civil Service Reform Act ("CSRA") creates a "remedial scheme through which federal employees can challenge their supervisors' 'prohibited personnel practices.'" *Mangano v. United States*, 529 F.3d 1243, 1246 (9th Cir. 2008) (quoting *Orsay v. U.S. Dep't of Justice*, 289 F.3d 1125, 1128 (9th Cir. 2002)); 5 U.S.C. § 2302. Such prohibited personnel practices may include "disciplinary or corrective action," "a detail, transfer, or reassignment," a "decision concerning pay, benefits, or awards," or "any other significant change in duties, responsibilities, or working conditions." 5 U.S.C. §§ 2302(a)(2)(A)(iii), (iv), (ix), (xii); *Mangano*, 529 F.3d at 1247 ("'Personnel action' in turn, is defined comprehensively to include any appointment, promotion, disciplinary or

4

corrective action, detail, transfer, reassignment, reinstatement, restoration, reemployment, performance evaluation pay or benefits decision, mandatory psychiatric examination, or any other significant change in duties, responsibilities, or working conditions.") (citing 5 U.S.C. § 2302(a)(2)(A)(i)-(xi)). Like Title VII, "[t]he CSRA's remedial scheme is both exclusive and preemptive." *Mangano*, 529 F.3d at 1246.

      Here, Plaintiff alleges that he was terminated during his probationary period because his supervisor, Asdourian, requested that he help him acquire "large quantities of products, such as KN95 masks and diabetic socks" at Plaintiff's "personal time and expense," and to assist Asdourian's son "to secure the masks and socks." SAC ¶ 15; *see id.* ¶¶ 16-19. Plaintiff alleges that "[s]hortly after the refusal of Asdourian's son's [further] request, Plaintiff was fired from his role." *Id.* ¶ 19; *see id.* ¶¶ 18, 28. Plaintiff therefore alleges that Asdourian took prohibited personnel action, which is actionable exclusively under the CSRA. 5 U.S.C. § 2302(b)(8) (prohibiting federal employees from taking personnel actions "because of … any disclosure of information by an employee … which the employee … reasonably believes evidences … (i) any violation of any law, rule, or regulation, or (ii) gross mismanagement [or] an abuse of authority"); *see also Kerr v. Jewell*, 836 F.3d 1048, 1049 (9th Cir. 2016) (the proper forum for an aggrieved employee to bring a whistleblower protection violation is before the Merit Systems Protection Board); *Thomas v. Sec'y of the United States Dep't of Veterans Affs.*, 2021 WL 3468937, at *2 (C.D. Cal. Mar. 25, 2021) (citing *Rivera v. United States*, 924 F.2d 948, 952-54 (9th Cir. 1991) (the CSRA and the Whistleblower Protection Act "[provide] the exclusive remedy for whistleblowing claims brought by federal employees against their employers") (Kronstadt, J.).

      Because Plaintiff's wrongful termination and whistleblower protection violation claims are premised on state law and are based on his supervisor's purported "violation of public policy" (SAC ¶¶ 24-39, 51-59), they are preempted under Title VII and the CSRA. The Secretary respectfully requests that the Court dismiss these claims with prejudice.

### B.  Plaintiff's Hostile Work Environment Claim Fails to State a Claim upon Which Relief can be Granted.

In his hostile work environment claim, the Court may look to whether Plaintiff has pleaded facts sufficient to provide the grounds for his entitlement to relief. *See ANA Maria Soares v. California*, 2016 WL 3519411, at *2 (E.D. Cal. June 28, 2016). Here, Plaintiff fails to provide sufficient detail regarding the actual conduct he claims is discriminatory or harassing. He was employed for five months between April 12, 2021 and September 24, 2021. SAC ¶¶ 8, 10. Plaintiff alleges that on June 25, 2021, "Asdourian made discriminative comments toward the Plaintiff['s] race, religion, and age." *Id.* ¶ 13. Plaintiff also alleges he was subjected to Asdourian's "constant remarks about the plaintiff and 'his people' selling fake products, feeling at home with his own curry food, all being tech people, and other explicit racially based references." *Id.* ¶ 43.

To establish a *prima facie* claim of harassment constituting a hostile work environment, Plaintiff must show "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)). The hostile environment must be both objectively and subjectively offensive. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998). To determine if a work environment is sufficiently hostile, the Court should "look to the totality of the circumstances, including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ray*, 217 F.3d at 1245 (quoting *Harris*, 510 U.S. at 23). Simple teasing, "offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Faragher*, 524 U.S. at 788. Plaintiff must do more than "[s]imply alleg[e] that general conduct was severe, without an indication of frequency or a description of the conduct" in order to

survive a Rule 12(b)(6) motion. *Rubadeau v. M.A. Mortenson Co.*, 2013 WL 3356883, at *6 (E.D. Cal. July 3, 2013).

As in *Rubadeau*, where the court dismissed the claim for a lack of specificity regarding the plaintiff's allegations of sexual harassment, here too Plaintiff's allegations are simply too scant to plausibly state a claim. *See Rubadeau*, 2013 WL 3356883, at *6. Nevertheless, the Ninth Circuit has held that there was no hostile work environment even in circumstances where the plaintiff alleged specific examples of purported misconduct. In *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1106-07 (9th Cir. 2000), the plaintiff alleged that her supervisor had described specific women as "laughs like a hyena," "madonna," "regina," and "castrating bitch," and referred to women generally as "bitches" and "histrionics." Even so, "[t]he conduct in this case is simply not of this order of magnitude" to meet the hostile work environment standard. *Id.* at 1111; *see also Manatt v. Bank of America, NA*, 339 F.3d 792, 795 (9th Cir. 2003) (slurs such as "I am not a China man, I'm not like a China man with their eyes," "I've had the worst kind of trouble with your countrymen," pulling "their eyes back with their fingers in an attempt to imitate or mock the appearance of Asians," referring to "rickshaw," "China woman," and mocking plaintiff's pronunciation of "Lima" did not constitute a hostile work environment); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 638, 643 (9th Cir. 2004) (comments such as "typical Hispanic macho attitude" and "Hispanics do good in the field" did not constitute a hostile work environment). If the conduct in *Kortan, Manatt*, and *Vasquez* did not constitute a hostile work environment, then Plaintiff's vague and conclusory allegations certainly do not.[1]

## V. CONCLUSION

For the reasons stated herein, the Secretary respectfully requests that the Court grant this motion.

---

[1] Plaintiff also includes conclusory allegations of "discrimination" and "racially biased remarks" in his wrongful termination and whistleblower protection violation claims in an effort to evade the jurisdictional bar. *See* SAC ¶¶ 37, 55. But these allegations also lack the requisite specificity and should be disregarded.

7

Dated: January 26, 2024   Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

*/s/ Paul B. La Scala*
PAUL B. LA SCALA
Assistant United States Attorney

Attorneys for Defendant Gina Raimondo, Secretary, Department of Commerce

## Certificate of Compliance under L.R. 11-6.2

The undersigned, counsel of record for defendant, certifies that this brief contains 2,417 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 24, 2024   */s/ Paul B. La Scala*
PAUL B. LA SCALA
Assistant United States Attorney

8