E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
PAUL B. LA SCALA (Cal. Bar No. 186939)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2467
    Facsimile: (213) 894-7819
    E-mail: paul.lascala@usdoj.gov

Attorneys for Defendant Gina Raimondo,
Secretary, Department of Commerce

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ARJUN BAKSHI,<br><br>    Plaintiff,<br><br>    v.<br><br>GINA RAIMONDO, et al.,<br><br>    Defendants. | Case No. 8:22-cv-02170-CJC-DFM<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT GINA RAIMONDO'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Hearing Date: February 26, 2024<br>Hearing Time: 1:30 p.m.<br>Ctrm: 9B<br><br>Honorable Cormac J. Carney<br>United States District Judge |

1       Defendant Gina Raimondo, Secretary, Department of Commerce (the "Secretary") requests that the Court take judicial notice under Federal Rule of Evidence 201 of the Notice of Final Order of Department of Commerce's final action in Complaint Number 55-2022-0004 (EEOC Number 570-2022-00827X). The first page of the Notice of Final Order is attached as part of Exhibit F to Plaintiff's Second Amended Complaint. *See* Dkt. 38 at 25. A complete copy of the Notice of Final Order is attached to this request for judicial notice as Exhibit A.

      The court may take judicial notice of matters in the public record, which includes proceedings in other cases. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir. 2002) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (alteration and internal quotation marks omitted)); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may ... consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A court may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted). So too may a court consider documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

1

Dated: January 24, 2024            Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

*/s/ Paul B. La Scala*
PAUL B. LA SCALA
Assistant United States Attorney

Attorneys for Defendant Gina Raimondo,
Secretary, Department of Commerce



September 8, 2022

| | |
|---|---|
| Arjun Bakshi, )<br>Complainant )<br>)<br>v. )<br>)<br>Gina Raimondo, Secretary )<br>U.S. Department of Commerce )<br>) | Complaint Number:  55-2022-00004<br>EEOC Number:  570-2022-00827X |

**NOTICE OF FINAL ORDER**

This is the Department of Commerce's final action in Complaint Number 55-2022-00004 filed by Arjun Bakshi (Complainant) against the International Trade Administration (Agency), U.S. Department of Commerce (Department).

I.  **Procedural History**

Following the completion of the investigation in his complaint, Complainant exercised his post-investigative options and requested a hearing before an Equal Employment Opportunity Commission (EEOC) administrative judge (AJ).  The Department's Office of Civil Rights (OCR) subsequently transmitted a copy of the complaint file to the EEOC.

55-2022-00004

On August 16, 2022, AJ Cynthia McKnight of the EEOC's Washington Field Office held an Initial Conference on August 16, 2022.  Thereafter, AJ McKnight determined it was appropriate to issue a Notice of Proposed Decision Without a Hearing ("Notice").  The parties' responses to the Notice were due by August 31, 2022 and the parties timely filed their responses to AJ McKnight's Notice.  AJ McKnight then reviewed the evidence contained in the Report of Investigation, and the parties' responses to her Notice.

On September 6, 2022, AJ McKnight issued a Decision Without A Hearing in favor of the Agency. The Department received the AJ's Decision Without A Hearing on September 6, 2022.

As the Department chooses to adopt the AJ's decision, this Notice of Final Order is being issued on or before October 17, 2022,[1] in compliance with 29 C.F.R. § 1614.110(a).

II.     **Statement of Claims Presented At Hearing**

Complainant, formerly an International Trade Specialist, GS-1140-12, with the U.S. Commercial Service, International Trade Administration, alleges that due to his age (month and year of birth:  October 1975), race/national origin (Asian/India), color (not specified), and religion (Hindu), he was subjected to acts of discrimination and harassment constituting a hostile work environment.  As evidence of discrimination and harassment he alleges the following:

1. Hovan Asdourian, Director, U.S. Commercial Service, frequently made racially motivated and offensive comments such as:

    a. During his first conference call with him, Asdourian asked, "Are you ready to move to Chicago?  There are a lot of Black people and Mexicans that live here?"

---

[1] The 40th calendar day is Sunday, October 16, 2022.  EEOC regulations state that the next business day will be used when a time limit date falls on Saturday, Sunday or a Federal holiday.  *See* Title 29 Code of Federal Regulations (C.F.R.) section (§) 1614.604(d).

2

    b. When Asdourian wanted him to take basic MS Office courses from the Commerce Learning Center, Asdourian commented, "This is something that would be easy because it's easy for all you Indians. You are all tech people."

    c. On January 7, 2021, Asdourian made negative comments about "Indians" and "Muslims" during a phone conversation and MS Teams meetings.

2. Asdourian compelled Complainant to work with Ross Asdourian, Asdourian's son, for a non-work-related personal deal that would benefit the Asdourian family. Complainant notes that Asdourian's son also demonstrated discriminatory behavior, noting that Asdourian's son picked a Pakistani/Indian restaurant for them to meet at in Los Angeles and commented, "You will feel at home with your own curry food." Asdourian's son said that his uncle is part of the Armenian Mafia in Boston and imports and sells fake products.

3. On June 2, 2021, Asdourian requested that Complainant send him large quantities of products, such as KN95 masks and diabetic socks, which appeared to be more than for commercial purposes than personal use.

4. On June 23, 2021, Asdourian had Complainant meet with his son in Los Angeles in order to help secure and import/export deal. Complainant says that this was a business deal for Asdourian's son and not related to Complainant's job duties.

5. On or around April 11, 2021, Asdourian called him requesting he secure more masks and socks.

6. Asdourian deliberately did not sign Complainant's performance review at the end of the fiscal year. Complainant says that he believes that Asdourian did not do so because he (Complainant) would have met all of the performance metrics and because there were no complaints about his performance.

7. On September 24, 2021, Asdourian issued him a notice removing him from Federal service during his probationary period.

### III.     Analysis

After carefully reviewing the entire record in this complaint, we have decided to implement or adopt without modification the decision of the EEOC AJ as it is fully supported by the evidence and follows appropriate case law precedent.

55-2022-00004

## IV.     Attorney's Fees and/or Costs

Complainant is not a prevailing party and was not represented by an attorney. Accordingly, we find that an award of attorney's fees is not appropriate here.

## V.      Right to Appeal[2] or File a Civil Action

If Complainant is not satisfied with the final action in this complaint, **one (1)** of the two (2) actions described below may be taken. Either action selected must be taken within the specified time frames.

1. **Appeal the Final Order to the EEOC by submitting the enclosed Notice of Appeal/Petition, EEOC Form 573, to the EEOC, Office of Federal Operations (OFO), using one of the following methods, or filing an appeal online using the EEOC Public Portal :**

    **By Mail:**

    Director, Office of Federal Operations
    Equal Employment Opportunity Commission
    P. O. Box 77960
    Washington, D.C.  20036

    **By Personal Delivery:**

    Director, Office of Federal Operations
    Equal Employment Opportunity Commission
    One Noma Station
    131 M Street, NE, Fourth Floor, Suite 4NWO2F
    Washington, D.C.  20507

---

[2] In light of the National Emergency declared by the President due to the Coronavirus (COVID-19), the EEOC's Office of Federal Operations issued instructions regarding the processing of Federal sector EEO complaints via an April 6, 2020 memorandum and then again on July 26, 2020.  The EEOC has directed that the April 6, 2020 memorandum and the July 26, 2020 memorandum should be provided to those with pending matters.  As such, at this time, these documents are enclosed.  Complainant should pay particular attention to those provisions concerning appeals.

55-2022-00004

**By Facsimile:**

Facsimile Telephone (202) 663-7022 or (FTS) 989-7022

**EEOC Public Portal:**

The EEOC highly recommends that filing appeals online using the EEOC Public Portal at https://publicportal.eeoc.gov/, and clicking on the "Filing with the EEOC" link.   If one has not already registered in the Public Portal, one will be asked to register by entering one's contact information and confirming one's email address.  Once registered, one can request an appeal, upload relevant documents (e.g., a statement or brief in support of the appeal), and manage personal and representative information.  During the adjudication of the appeal, one can also use the Public Portal to view and download the appellate record.  If one uses the Public Portal to file an appeal, one does not have to send a copy to the Agency.

**Time Frames:**  If an attorney does not represent Complainant, the appeal must be filed within **30 calendar days** of receipt of this final order.  If an attorney represents Complainant, then the appeal must be filed within **30 calendar days** of the date **the attorney** received the Notice of Final Order.  *See* 29 C.F.R. § 1614.402(a).

Also, a copy of any appeal submitted must be sent to the Department, at the address cited below, at the same time it is filed with the EEOC, OFO.  Any statement or brief in support of an appeal must be submitted to the Director, OFO, within **30 calendar days** of filing the appeal, and a copy must be provided to the Department at the following address:

> The Office of Civil Rights, Room 6012
> U. S. Department of Commerce
> Washington, D.C.  20230

55-2022-00004

2.    **File a civil action in Federal district court.**

If a civil action is filed, Complainant must name the appropriate Department or Agency head as the defendant and provide his or her official title.  Failure to name the head of the Department or Agency and/or the official title may result in the dismissal of the case.  The appropriate Department or Agency is the Department of Commerce.  The head of the Department of Commerce is **Gina Raimondo**, who is the Secretary of Commerce.

**Time Frames:**  A civil action must be filed within **90 calendar days** of the date of receipt of the final order if no appeal has been filed.  *See* 29 C.F.R. § 1614.408(a).  If an appeal is filed, a civil action may be filed within **90 calendar days** after receipt of the EEOC's final decision on the appeal, or after **180 days** from the date of filing an appeal, if there has been no final decision by the Commission.

**Right to Request Court Appointment of Counsel:**  If Complainant decides to file a civil action under Title VII or under the Rehabilitation Act, and does not have or cannot afford the services of an attorney, Complainant may petition the court for appointment of an attorney.  In such circumstances as the court may deem just, the court may appoint a lawyer to represent Complainant and may authorize such services without payment of fees, costs, or other security.  The grant or denial of the request for a court appointed attorney is within the sole discretion of the court.  Filing a request for an attorney does not extend time limitations for filing a civil action.  Both the request and the civil action **must be filed within 90 calendar days** of the date of receipt of the EEOC's decision.

55-2022-00004

3. **Complaint Numbers**

The complaint numbers identified on the first page of this Notice of Final Order should be used on all official correspondence.

*[signature: Paul S. Redpath]*

_____
Paul S. Redpath
Chief, Program Implementation Division
Office of Civil Rights
U.S. Department of Commerce

September 8, 2022
_____
Date Issued

Enclosure

55-2022-00004

## Certificate of Service

I attest that a copy of this Notice of Final Order has been sent to the parties below:

**Via Kiteworks Secure File Transfer:**

Administrative Judge Cynthia McKnight
(Cynthia.McKnight@eeoc.gov)

Lawrence Hoodack, Esq.
(LHoodack@LHDLegal.com)

Arjun Bakshi
(OOBAKSHI@GMAIL.COM)

Matthew Obeid, Esq.
(mobeid@doc.gov)

Bernadette M. Worthy, EEO Officer for ITA
(BWorthy@doc.gov)

**Other:**

Complaint File (Tab N)

_____
Signature

September 8, 2022
_____
Date



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Office of Federal Operations

P. O. Box 77960

Washington, D.C.  20013

April 6, 2020

<u>Memorandum</u>

TO:            Federal Sector EEO Directors & Officials

FROM:     Carlton M. Hadden
                  Director, Office of Federal Operations

SUBJECT:   Processing Information for All Parties in Federal EEO Processing under 29 CFR Part 1614

In light of the National Emergency declared by the President due to the Coronavirus (COVID-19), the U.S. Equal Employment Opportunity Commission's (EEOC) Office of Federal Operations (OFO) is issuing the following instructions regarding the processing of federal sector EEO complaints covered by 29 CFR Part 1614.

The EEOC recognizes this crisis affects all federal employees, complainants, and others involved in the EEO process.  We appreciate the dedication of federal EEO professionals throughout the federal government and we further recognize that the centerpiece of our efforts are the employees, applicants, and former employees who believe they have experienced employment discrimination and access our regulatory process for assistance.  Nevertheless, the federal government remains open and committed to providing mission-critical services to the greatest extent possible, given the limitations inherent in the current environment.

The EEOC also recognizes that, because of the National Emergency, applicants who utilize the EEO complaint process may face challenges that preclude them from meeting the regulatory timeframes set forth in 29 CFR Part 1614.

The EEOC must balance its duty to ensure that the EEO process continues efficiently and effectively, without compromising the safety of federal employees or the rights or safety of complainants and others involved in the EEO process.

The EEOC expects that agencies and employees will continue to process EEO complaints in a timely manner that will best preserve the legal rights of the parties involved, unless doing so would interfere with mission-critical operations for an agency.  Accordingly, the Office of Federal Operations is issuing the following instructions, which will remain in effect until further notice:

1. Agencies will continue all counseling, investigations and other complaint processing set forth in 29 CFR Part 1614, except in circumstances meeting the criteria described below.

2. To the extent practicable, regulatory timeframes concerning the processing of federal sector EEO complaints will continue to be met, wherever feasible. For this purpose, practicable means where the agency and complainant have access to needed witnesses, documents and representation, and where such processing will not interfere with the mission- critical operations of the agency.

3. The regulatory timeframes set forth in 29 C.F.R. Part 1614 will be subject to the equitable tolling provisions set forth in 29 C.F.R. §1614.604(c). Absent mutual agreement, <u>agencies and complainants will be required to document in the record the reason(s) why tolling any of the time limits set forth in 29 CFR Part 1614 is necessary.</u> Such justification will fully be considered by the Commission in any appeal raised in the matter.

4. Agencies and complainants are encouraged to seek mutual agreement with respect to the extension of any timeframes. Where such agreements are reached, they should be reduced to writing and made part of the record. OFO will honor such agreements on appeal, unless they are clearly onerous to one party or otherwise violate the standards for equitable tolling, waiver or estoppel.

5. EEOC Administrative Judges will continue to manage the hearings program. Administrative Judges will continue to hold conferences, manage discovery, refer cases to ADR and settlement, issue summary judgment decisions and, where appropriate, hold hearings and issue decisions. In light of the National Emergency, either party can seek an extension or other relief from any deadline for good cause shown.

6. The EEOC is deeply concerned about protecting (and committed to ensuring every federal employee continues to have) all their rights during this time of National Emergency. To that end, EEOC asks agency EEO offices to continue counseling employees, accepting their discrimination complaints, and investigating these complaints to the fullest extent possible without undermining mission-critical functions. We ask agencies not to issue final actions on any EEO complaint, unless the investigation is complete <u>and</u> the Complainant has requested that the final action be issued.

7. EEOC will continue to prepare appellate decisions but will not mail those decisions. A Complainant who provides an e-mail address and waives first class mailing may request the decision via e-mail to ofo.eeoc@eeoc.gov . The Commission is extremely cognizant of preserving a party's right to file a civil action in U.S. District Court. Given the current National Emergency, the Commission is suspending issuance of all appellate decisions via the U. S. mail until further notice in order to best preserve those rights.

8. Until further notice, OFO does not have access to U.S. Mail; rather, we ask that all submissions and communications from both agencies and complainants be digital, via the Public Portal/FEDSEP. We ask those who submitted items via U.S. Mail on or after March 6, 2020 to resubmit them via the Public Portal/FEDSEP.

9. The Commission supports and encourages the use of digital documents and electronic signatures. A digital document used by a person, agency, or other entity shall have the same force and effect as those documents not produced by electronic means. "Electronic signature" means any digital symbol, sound, or process attached to or logically associated with a digital record and executed or adopted by a person with the intent to sign the record.

10. Each agency subject to the regulations at 29 CFR Part 1614 is directed to forward a copy of this notice, using the most effective available method, to each Complainant with a pending EEO matter and to each person who hereafter contacts an agency EEO counselor or otherwise enters into the agency's EEO process.

11. For more Commission information and resources, please go to our COVID-19 information links at: https://www.eeoc.gov/coronavirus/



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 77960
Washington, D.C.  20013

Memorandum

TO:             Federal Sector EEO Directors & Officials

FROM:      Carlton M. Hadden
                   Director, Office of Federal Operations

SUBJECT:   Update – April 6, 2020 Memorandum on Processing Information

We issued a memorandum dated April 6, 2020 regarding the processing of federal sector EEO complaints covered by 29 CFR Part 1614 in consideration of the National Emergency. The memorandum is attached for your ease of reference.

The EEOC reiterates its appreciation of the critical work of federal EEO professionals during this time of challenge due to the Coronavirus (COVID-9).  Your dedication is essential to ensuring access to the federal sector EEO process for all who need to utilize it.

The EEOC previously recognized that, because of the National Emergency, applicants who utilize the EEO complaint process might have faced challenges that precluded them from meeting the regulatory timeframes set forth in 29 CFR Part 1614.

Using phased approaches, several agencies and organizations have resumed fuller operations. EEOC believes that there are now fewer issues related to access to counsel and the Courts, and that further delays could negatively impact applicants' ability to protect and exercise their rights effectively.

Therefore, we are adjusting three of the instructions set forth in the April 6, 2020, memo. As discussed in further detail below, EEOC is instructing agencies to return to issuing final actions in the usual manner, unless there are compelling reasons not to do so. Effective Monday, July 27, 2020, EEOC will also expand its issuance of appellate decisions.

Instruction 6 provided as follows:

> *The EEOC is deeply concerned about protecting (and committed to ensuring every federal employee continues to have) all their rights during this time of National Emergency. To that end, EEOC asks agency EEO offices to continue counseling employees, accepting their discrimination complaints, and investigating these complaints to the fullest extent possible without undermining mission-critical functions. We ask agencies not to issue final actions on any EEO complaint, unless the investigation is complete, <u>and</u> the Complainant has requested that the final action be issued.*

Instruction 7 provided as follows:

> *EEOC will continue to prepare appellate decisions but will not mail those decisions. A Complainant who provides an e-mail address and waives first class mailing may request the decision via e-mail to ofo.eeoc@eeoc.gov . The Commission is extremely cognizant of preserving a party's right to file a civil action in U.S. District Court. Given the current National Emergency, the Commission is suspending issuance of all appellate decisions via the U. S. mail until further notice in order to best preserve those rights.*

Instruction 8 provided as follows:

> *Until further notice, OFO does not have access to U.S. Mail; rather, we ask that all submissions and communications from both agencies and complainants be digital, via the Public Portal/FEDSEP. We ask those who submitted items via U.S. Mail on or after March 6, 2020 to resubmit them via the Public Portal/FEDSEP.*

The Instructions, noted above, are modified as follows:

Instruction 6 as modified, follows:

> *The EEOC remains deeply concerned about protecting (and committed to ensuring every federal employee continues to have) all their rights during this time of National Emergency. To that end, EEOC asks agency EEO offices to continue counseling employees, accepting their discrimination complaints, and investigating these complaints to the fullest extent possible without undermining mission-critical functions. Agencies should return to issuing final actions.*

Instruction 7 as modified, follows:

> *EEOC is expanding issuance of appellate decisions. While the complainant may receive the appellate decision via U.S. Mail, a complainant who has an account with EEOC's Public Portal, may waive receipt via U.S. Mail, and receive the decision via the EEOC Public Portal. Please note that there may be delays in the issuance of decisions sent by first class mail depending on staff access to EEOC's headquarters. Federal agencies will receive the appellate decision via the FedSEP digital platform.*

Instruction 8 as modified, follows:

> *While OFO has limited access to U.S. Mail; parties are encouraged to utilize the Commission's digital platforms, such as the EEOC Public Portal or FedSEP, to communicate with OFO.*

With the exceptions of the modifications noted above, the Instructions as set forth in the April 6, 2020 memorandum continue to remain in effect.

Each agency subject to the regulations at 29 CFR Part 1614 is directed to forward a copy of this update and notice, using the most effective available method, to each Complainant with a pending EEO matter and to each person who hereafter contacts an agency EEO counselor or otherwise enters into the agency's EEO process.

## NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

OFFICE OF FEDERAL OPERATIONS
P.O. Box 77960
Washington, DC 20013

| Complainant Information: (Please Print or Type) | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

| Attorney/Representative Information (if any): | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

| General Information: | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a final action been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ___Yes; Date Received _____ (Remember to attach a copy) <br> ___No <br> ___This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, another agency, or through any other administrative or collective bargaining procedures? | ___No <br> ___Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ___No <br> ___Yes (Attach a copy of the civil action filed) |//
| NOTICE: Please attach a copy of the final decision or order from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC and with the agency within 30 days of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above. | |
| Signature of complainant or complainant's representative: | |
| Date: | |

EEOC Form 573 REV 1/01

EXHIBIT A
16

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE:** EEOC Form 573, Notice of Appeal/Petition, January 2001

2. **AUTHORITY:** 42 U.S.C. § 2000e-16

3. **PRINCIPAL PURPOSE:** The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.

4. **ROUTINE USES:** Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.

5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION:** Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

---

Send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 77960
Washington, D.C. 20013