E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
PAUL B. LA SCALA (Cal. Bar No. 186939)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2467
    Facsimile: (213) 894-7819
    E-mail: Paul.LaScala@usdoj.gov

Attorneys for Defendant Gina Raimondo,
Secretary, Department of Commerce

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ARJUN BAKSHI,<br><br>    Plaintiff,<br><br>    v.<br><br>GINA RAIMONDO, et al.,<br><br>    Defendants. | Case No. 8:22-cv-02170-MRA-DFM<br><br>**DEFENDANT GINA RAIMONDO'S NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12 (b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Request for Judicial Notice and [Proposed] Order]<br><br>Hearing Date: June 27, 2024<br>Hearing Time: 1:30 p.m.<br>Ctrm: 10B<br><br>Honorable Monica Ramirez Almadani<br>United States District Judge |

# NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that, on June 27, 2024[1] at 1:30 p.m., as soon thereafter as she may be heard, defendant Gina Raimondo, Secretary, Department of Commerce (the "Secretary") will, and hereby does, move this Court for an order dismissing pro se plaintiff Arjun Bakshi's ("Plaintiff") Third Amended Complaint. This motion will be made before the Honorable Monica Ramirez Almadani, United States District Judge, in Courtroom 10B, located within the First Street Federal Courthouse, 350 W. 1st Street, Los Angeles, CA 90012.

The Secretary brings the motion under Fed. R. Civ. P. 12(b)(1) because Plaintiff's claims are subject to preemption and for failure to exhaust administrative remedies. The Secretary also moves under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, the Request for Judicial Notice ("RJN") filed concurrently herewith, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference between undersigned counsel and Plaintiff pursuant to Local Rule 7-3 which was held on March 19, 2024.

---

[1] Prior to reassignment, the parties' stipulation to a May 20, 2023, hearing date had been approved. See Dkts. 40, 42. Given the reassignment, the Secretary notices the hearing in accordance with the Court's law and motion calendar on the next available date.

| | | |
|---|---|---|
| 1 | Dated: March 28, 2024 | Respectfully submitted, |
| 2 | | E. MARTIN ESTRADA<br>United States Attorney |
| 3 | | DAVID M. HARRIS<br>Assistant United States Attorney |
| 4 | | Chief, Civil Division<br>JOANNE S. OSINOFF |
| 5 | | Assistant United States Attorney<br>Chief, Complex and Defensive Litigation Section |
| 6 | | |
| 7 | | */s/ Paul B. La Scala*<br>PAUL B. LA SCALA<br>Assistant United States Attorney |
| 8 | | |
| 9 | | Attorneys for Defendant Gina Raimondo,<br>Secretary, Department of Commerce |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Plaintiff, a former probationary employee at the Department of Commerce ("DOC"), asserts claims of wrongful termination, hostile work environment, whistleblower protection violation, and retaliation. Plaintiff repeatedly alleges he was terminated solely because he refused to stay involved in the family business of his supervisor, Hovan Asdourian. The Civil Service Reform Act provides the exclusive remedy for these types of whistleblowing claims and requires a federal employee to file a complaint with the Office of Special Counsel ("OSC") or appeal directly to the Merit Systems Protection Board ("MSPB"). Having failed to exhaust either remedy, Plaintiff's whistleblowing claims are preempted under the CSRA.

In addition to alleging harassment as part of his whistleblowing claims, Plaintiff alleges that his supervisor made racial comments sufficient to support a hostile work environment claim. Plaintiff exhausted this claim by filing a complaint with the Equal Employment Opportunity Commission ("EEOC"), which resulted in a final decision in favor of the DOC. The same result should be reached here because Plaintiff's allegations in support of his hostile work environment claim were not severe or pervasive nor altered the conditions of his employment.

As this is Plaintiff's fourth attempt to plead a case, the Secretary respectfully requests that the Court dismiss the TAC with prejudice and without leave to amend.

## II.     FACTUAL BACKGROUND

Beginning on April 12, 2021, Plaintiff was employed as an International Trade Specialist by the International Trade Administration of the DOC on a probationary basis. *See* Dkt. 46, TAC ¶ 12. Asdourian was Plaintiff's supervisor. *Id*.

Plaintiff alleges that, in June 2021, Asdourian began telling Plaintiff to work with Asdourian's son to secure masks and socks outside of Plaintiff's regular job duties and in violation of the DOC's policies and rules. *Id.* ¶¶ 15-23. Plaintiff assisted Asdourian's son in securing masks and socks until at least August 19, 2021. *See id*. ¶ 22 & Ex. H. During

this time, Plaintiff alleges that he "received no negative work performance reviews and [was] not notified of any poor performance during [his] probationary period." *Id.* ¶ 25. But "[a]fter refusing to partake in Asdourian's personal business, the Plaintiff received two separate letters alleging a decline in the value of [his] work." *Id.* ¶ 26.

Plaintiff was terminated on September 24, 2021. *Id.* ¶ 24. He claims his termination was based on his "refusal to engage in personal business matters with Asdourian." *Id.* ¶ 25. Plaintiff then filed a complaint with the EEOC. *Id.* ¶ 30. He alleged that he was "subjected to acts of discrimination and harassment constituting a hostile work environment" based on his age, race/national origin, color, and religion. RJN, Ex. A at 2. An EEOC administrative judge issued a decision in favor of the agency, and the agency adopted that decision. *Id.*

## III.  PROCEDURAL BACKGROUND

On December 1, 2022, Plaintiff filed his Complaint, which included three claims: (1) wrongful termination under California common law for violation of public policy due to Plaintiff's purported opposing of unlawful conduct; (2) hostile work environment under Title VII on the basis of race, color, religion, and retaliation; and (3) whistleblower retaliation under Cal. Lab. Code § 1102.5. Dkt. 1 at 6-12. On September 14, 2023, the Secretary moved to dismiss the Complaint on several grounds, including Plaintiff's failure to exhaust his administrative remedies as to the wrongful termination and whistleblower violation claims and failure to state a hostile work environment claim. *See generally* Dkt. 26. Plaintiff did not file an opposition. *See* Dkt. 28 at 1-2. The Court granted the Secretary's motion and dismissed the Complaint without prejudice. *Id.* at 5.

On November 21, 2023, Plaintiff filed an amended complaint. Dkt. 34. The parties held a Local Rule 7-3 conference on November 28, 2023 in connection with the Secretary's anticipated motion to dismiss the amended complaint. Dkt. 36 at 2-3. The parties stipulated to allow Plaintiff to file a Second Amended Complaint ("SAC") so that Plaintiff could attempt to address the Secretary's concerns and seek counsel. Dkt. 36. The Court approved the stipulation on December 13, 2023. Dkt. 37.

|   |   |
|---|---|
| 1 | Plaintiff filed the SAC on January 2, 2024. Dkt. 38. On January 24, 2024, the |
| 2 | Secretary moved to dismiss the SAC. Dkt. 39. On February 2, 2024, the parties stipulated |
| 3 | to allow Plaintiff to file a third amended complaint ("TAC") for the limited purpose of |
| 4 | replacing citations to California statutory and case law with citations to federal law (Dkt. |
| 5 | 40), which the Court approved on February 5, 2024. Dkt. 42. |
| 6 | This case was reassigned to this Court on March 1, 2024. Dkt. 45. On March 7, |
| 7 | 2024, Plaintiff filed the TAC. Dkt. 46. In addition to replacing his legal citations with |
| 8 | federal law, Plaintiff added a new claim, retaliation, in violation of the parties' stipulation |
| 9 | and the Court's order. *See* TAC at 17-19. The Secretary nevertheless addresses Plaintiff's |
| 10 | retaliation claim herein. |

## IV. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

The party asserting jurisdiction bears the burden of proof that jurisdiction exists. *Sopak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). A motion under Fed. R. Civ. P. 12(b)(1) may challenge the court's jurisdiction facially, based on the legal sufficiency of the claim, or factually, based on the legal sufficiency of the jurisdictional facts. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). When considering a facial challenge to jurisdiction, the court considers the complaint's allegations to be true, and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (citation omitted). "With a factual Rule 12(b)(1) attack, . . . a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment," and "need not presume the truthfulness of the plaintiffs' allegations." *White*, 227 F.3d at 1242.

### B. Federal Rule of Civil Procedure 12(b)(6)

Dismissal for "failure to state a claim upon which relief can be granted" can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, the complaint "must contain sufficient

3

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 555. Labels and conclusions are insufficient to meet the plaintiff's obligation to provide the grounds of his or her entitlement to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* On a motion to dismiss for failure to state a claim, courts accept as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031–32 (9th Cir. 2008). The Court may only consider the allegations contained in the pleadings, exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## V.     ARGUMENT

### A.     Plaintiff's Wrongful Termination, Whistleblower Protection Violation, and Retaliation Claims are Preempted.

Plaintiff's wrongful termination, whistleblower protection violation, and retaliation claims are based on allegations that Plaintiff was fired for refusing to continue to engage in personal business matters with his supervisor. These claims are preempted under the Civil Service Reform Act ("CSRA").

The CSRA creates a "remedial scheme through which federal employees can challenge their supervisors' 'prohibited personnel practices.'" *Mangano v. United States*, 529 F.3d 1243, 1246 (9th Cir. 2008) (citation omitted); 5 U.S.C. § 2302. Such prohibited personnel practices may include "disciplinary or corrective action," "a detail, transfer, or reassignment," a "decision concerning pay, benefits, or awards," or "any other significant change in duties, responsibilities, or working conditions." 5 U.S.C. §§ 2302(a)(2)(A)(iii), (iv), (ix), (xii); *Mangano*, 529 F.3d at 1247 ("'Personnel action' in turn, is defined comprehensively to include any appointment, promotion, disciplinary or corrective action, detail, transfer, reassignment, reinstatement, restoration, reemployment, performance

4

evaluation pay or benefits decision, mandatory psychiatric examination, or any other significant change in duties, responsibilities, or working conditions.") (citing 5 U.S.C. § 2302(a)(2)(A)(i)-(xi)). "The CSRA's remedial scheme is both exclusive and preemptive." *Mangano*, 529 F.3d at 1246.

Here, Plaintiff alleges that he was terminated during his probationary period after he refused to continue engaging in personal business matters with his supervisor, Asdourian. *See* TAC ¶¶ 16, 25, 29, 37, 44, 68. Plaintiff therefore alleges that Asdourian took prohibited personnel action, which is actionable exclusively under the CSRA. 5 U.S.C. § 2302(b)(8) (prohibiting federal employees from taking personnel actions "because of … any disclosure of information by an employee … which the employee … reasonably believes evidences … (i) any violation of any law, rule, or regulation, or (ii) gross mismanagement [or] an abuse of authority"); *see also Kerr v. Jewell*, 836 F.3d 1048, 1049 (9th Cir. 2016) (the proper forum for an aggrieved employee to bring a whistleblower protection violation is before the Merit Systems Protection Board); *Thomas v. Sec'y of the United States Dep't of Veterans Affs.*, 2021 WL 3468937, at *2 (C.D. Cal. Mar. 25, 2021) (citing *Rivera v. United States*, 924 F.2d 948, 952-54 (9th Cir. 1991) (the CSRA and the Whistleblower Protection Act "[provide] the exclusive remedy for whistleblowing claims brought by federal employees against their employers").

Because Plaintiff's wrongful termination, whistleblower protection violation, and retaliation claims are based on his supervisor's purported "violation of agency policy and rules," they are preempted under the CSRA. The Secretary respectfully requests that the Court dismiss these claims with prejudice.

      **B.**    **Plaintiff's Hostile Work Environment Claim Fail to State a Claim upon Which Relief can be Granted.**

Plaintiff's hostile work environment claim fails because Plaintiff has failed to plead facts sufficient to provide the grounds for his entitlement to relief. *See ANA Maria Soares v. California*, 2016 WL 3519411, at *2 (E.D. Cal. June 28, 2016). To establish a *prima facie* claim of harassment constituting a hostile work environment, Plaintiff must show

discriminatory conduct "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)). The hostile environment must be both objectively and subjectively offensive. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998). To determine if a work environment is sufficiently hostile, the Court should "look to the totality of the circumstances, including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ray*, 217 F.3d at 1245 (quoting *Harris*, 510 U.S. at 23). Simple teasing, "offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Faragher*, 524 U.S. at 788. Plaintiff must do more than "[s]imply alleg[e] that general conduct was severe, without an indication of frequency or a description of the conduct" in order to survive a Rule 12(b)(6) motion. *Rubadeau v. M.A. Mortenson Co.*, 2013 WL 3356883, at *6 (E.D. Cal. July 3, 2013).

Here, Plaintiff has not sufficiently alleged the frequency of the discriminatory conduct while he was employed for five months between April 12, 2021 and September 24, 2021. TAC ¶¶ 12, 24.[2] Although Plaintiff vaguely alleges that there was "ongoing racial harassment" (*id.* ¶ 51), Plaintiff only alleges that at some time Asdourian made the following comments: "Indians sell fake things," "when you take Ross out, you feel at home with your smelly curry food," (*id.* ¶ 51) and "whats [sic] up with the stupid dot on your forehead." *Id.* ¶ 58. Plaintiff alleges that he began reporting "ongoing harassment" on September 13, 2021—nine days before his termination. *Id.* ¶ 54.

The statements Asdourian purportedly made, while offensive, do not rise to the level of a hostile work environment under Ninth Circuit law. In *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1106-07 (9th Cir. 2000), the plaintiff alleged that her supervisor had described

---

[2] Plaintiff alleges on January 7, 2021—months before his employment—"Asdourian made unsettling and discriminatory remarks toward the plaintiff." *See* TAC ¶¶ 8, 10.

6

1 specific women as "laughs like a hyena," "madonna," "regina," and "castrating bitch," and referred to women generally as "bitches" and "histrionics." Even so, "[t]he conduct in this case is simply not of this order of magnitude" to meet the hostile work environment standard. *Id.* at 1111; *see also Manatt v. Bank of America, NA*, 339 F.3d 792, 795 (9th Cir. 2003) (slurs such as "I am not a China man, I'm not like a China man with their eyes," "I've had the worst kind of trouble with your countrymen," pulling "their eyes back with their fingers in an attempt to imitate or mock the appearance of Asians," referring to "rickshaw," "China woman," and mocking plaintiff's pronunciation of "Lima" did not constitute a hostile work environment); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 638, 643 (9th Cir. 2004) (comments such as "typical Hispanic macho attitude" and "Hispanics do good in the field" did not constitute a hostile work environment). If the conduct in *Kortan, Manatt*, and *Vasquez* did not constitute a hostile work environment, then Plaintiff's vague and conclusory allegations certainly do not.

## VI. CONCLUSION

For the forgoing reasons, the Secretary respectfully requests that the Court grant this motion with prejudice and without leave to amend.

Dated: March 28, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

/s/ Paul B. La Scala
PAUL B. LA SCALA
Assistant United States Attorney

Attorneys for Defendant Gina Raimondo, Secretary, Department of Commerce

7

**Certificate of Compliance under L.R. 11-6.2**

The undersigned, counsel of record for defendant, certifies that this brief contains 2,293 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 28, 2024    */s/ Paul B. La Scala*
PAUL B. LA SCALA
Assistant United States Attorney